IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-186-BO

| | |
|---|---|
| GARY ALLEN SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on plaintiff's corrected motion for judgment on the pleadings and defendant's amended motion for judgment on the pleadings. [DE 23, 25]. A hearing was held on these matters before the undersigned on February 22, 2022, at Raleigh, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion for judgment on the pleadings is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application on October 10, 2017, alleging disability beginning April 16, 2016. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel for defendant appeared via videoconference.

Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since his alleged onset date through his date last insured at step one, the ALJ found at step two that plaintiff had severe impairments – degenerative disc disease of the lumbar spine, joint dysfunction of the bilateral hips, and depression – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ found that plaintiff could perform medium work with several exertional and nonexertional limitations. The ALJ found at step four that plaintiff could not perform his past relevant work as a tractor trailer truck driver or carpenter helper. The ALJ found at step five, however, that based on plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy which plaintiff could perform, specifically hospital cleaner, counter supply worker, and store laborer. Accordingly, the

ALJ found plaintiff not to be disabled at any time between the alleged onset date through the date last insured.

Plaintiff raises several assignments of error, including that the ALJ demonstrated unjustified and inappropriate bias, that the RFC is not supported by substantial evidence, that the ALJ erred in not giving weight to third-party statements, that the ALJ failed to consider all of plaintiff's impairments, and that the ALJ "cherry picked" the evidence to support a denial of benefits.

The Court has considered plaintiff's arguments and finds that the ALJ's decision does not reveal any inappropriate bias against plaintiff. Though the ALJ discusses plaintiff's behavior at the hearing, describing it as including "performative . . . moans and groans," the ALJ reached this conclusion by comparing the severity of symptoms presented by plaintiff and the longitudinal record beginning with the alleged onset date, which contains only sporadic chiropractic treatment and occasional primary care visits.

The ALJ further did not place undue emphasis on the lack of objective medical examination findings. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 96 (4th Cir. 2020). The ALJ did, however, fail to adequately address plaintiff's financial constraints as to treatment, *see Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984), as well as his disinclination toward taking opioid pain medications due to risk of addiction. This is especially important where, as here, the medical record is not robust. And while the Court agrees that the record does not reflect evidence from an orthopedic or related specialist, an RFC of medium work requires a person to be able to perform "considerable lifting" of up to fifty pounds at a time with frequent carrying or lifting of objects weighing up to twenty-five pounds. SSR 83-10. The failure to address the foregoing issues

4

prevents this Court from conducting meaningful review of the decision, and remand is therefore appropriate. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court determines that remand is appropriate for further proceedings consistent with the foregoing. Plaintiff's corrected motion for judgment on the pleadings [DE 23] is GRANTED and defendant's amended motion for judgment on the pleadings [DE 25][3] is DENIED.

SO ORDERED, this _28_ day of _February_ 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] The clerk may terminate as pending defendant's first filed motion for summary judgment. [DE 24].

5